UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,

vs.

PANERA, LLC
d/b/a PANERA #601704 and
FONTAINEBLEAU SQUARE, LLC

    Defendants.

_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Panera, LLC d/b/a Panera #601704 and Defendant Fontainebleau Square, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189.  This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

1

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Panera, LLC (also referenced as "Defendant Panera," "operator," "lessee" or "co-Defendant") is a foreign limited liability company authorized to transact business in the state of Florida.

6. Defendant Fontainebleau Square, LLC (also referenced as "Defendant Fontainebleau," "lessor," "owner," or "co-Defendant") is a foreign limited liability company authorized to transact business in the state of Florida. Defendant Fontainebleau is the owner of real property built out as a mixed-use community shopping center which is located at 9951 W Flagler Street to 10141 W Flagler Street, Miami, Florida 33172, which is also referenced as Folio 30-4005-052-0030. Defendant Fontainebleau leases its mixed-use community shopping center (in part) to public accommodations including (but not limited to) Jersey Mikes Subs, Chipotle Mexican Grill, Dickeys Barbecue Pit, Publix Supermarket, The Hair Cuttery, The Habit Berger Grill, ND Nails & Spa, and an Ulta Beauty store. Defendant Fontainebleau also leases a portion of its real property to co-Defendant Panera who in turn operates its Panera brand bakery-café restaurant (which is the subject of this instant action) at that location.

## FACTS

7. On information and belief, Panera, LLC is a subsidiary of Panera Bread Company (operating as Saint Louis Bread Company) which is an American chain of bakery-café fast casual restaurants with over 2,000 locations in the United States and Canada. Panera's parent company is owned by JAB Holding Company, which is a privately held holding company owned by the Reinmann family in Germany. The Panera parent company has over 140,000 employees. All Panera bakery-cafés are places of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as a restaurant serving food and/or drink and §§12181(7)(E) as a bakery, as well as pursuant to 28 C.F.R. §§36.104(2) and (5) (as a restaurant and bakery, respectively). The Panera bakery-café located at 10061 West Flagler Street (which is within Defendant Fontainebleau's community shopping center) which is the subject of this complaint is also referenced as "Panera #601704," "Panera bakery-café," "Panera on Flagler," "bakery-café," or "place of public accommodation."

8. As the operator of bakery-cafés which are open to the public, Defendant Panera is a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates bakery-cafés; 42 U.S.C. §12182, §§12181(7)(B) & (E); 28 C.F.R. §§36.104(2) & (5).

9. Due to Plaintiff frequenting the area near the Panera on Flagler, on August 8, 2021 Plaintiff went to the Panera bakery-café to purchase a baked good and coffee and enjoy eating his purchase in the café.

10. On entering the Panera bakery-café, Plaintiff had occasion to visit the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

11. Due to the inaccessible restroom facilities, Plaintiff has been denied full and equal access by the operator/lessee of the bakery-café (Defendant Panera) and by the owner/lessor of the commercial property which houses the bakery-café (Defendant Fontainebleau).

12. Defendant Panera is well aware of the ADA and the need to provide for equal access in all areas of its bakery-cafés. Therefore, Defendant Panera's failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its Panera bakery-café on Flagler is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

13. As the owner of a community shopping center which is operated as various places of public accommodation including the Panera #601704 bakery-café which is open to the public, Defendant Fontainebleau is also a "Public Accommodation" pursuant to 42 U.S.C. §§12181(7)(B) & (E) and 28 C.F.R. §§36.104(2) & (5). On information and belief, as an investor and owner of commercial property being used in multiple instances as a place of public accommodation, Defendant Fontainebleau is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons at its commercial property by ensuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

14. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

15. Plaintiff continues to desire to patronize the Panera #601704 bakery-café, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

16. Any and all requisite notice has been provided.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

18. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

19. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

20. Prior to the filing of this lawsuit, Plaintiff personally visited the Panera #601704 bakery-café, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when he went to the restroom. Therefore, Plaintiff has suffered an injury in fact.

21. Defendant Panera (operator of the Panera #601704 bakery-café) and Defendant Fontainebleau (owner/lessor of the community shopping center housing that bakery-café) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Panera #601704 bakery-café, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

22. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Panera #601704.

23. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

24. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

25. The commercial space which is owned by Defendant Fontainebleau (owner/lessor) and which houses the Panera bakery-café on Flagler (operated by lessee Defendant Panera) is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA, and 28 C.F.R.

§36.302 *et. seq.* As such, both the owner/lessor and the lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i. As to Defendant Panera (lessee/operator) and Defendant Fontainebleau (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the restroom door, as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open. This is a violation of Section 4.13.11 other sections of the ADAAG. The door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. The 2010 ADA Standards for Accessible Design Section 404.2.7 states that operable parts on doors and gates must comply with Section 309.4 and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum.

i. As to Defendant Panera (lessee/operator) and Defendant Fontainebleau (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the lavatory stall door without assistance, as the bathroom toilet compartment stall door does not have pull handles on both sides of the door near the latch. This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG, and Section §604.8.1.2 of the 2010 ADA Standards for Accessible Design.

ii. As to Defendant Panera (lessee/operator) and Defendant Fontainebleau (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water

      closet clear floor space is a violation of 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes turning space, clear floor space around fixtures, door swing and maneuvering clearance at the door) and Section 404.2.4 (swinging doors maneuvering clearance) and Section 604.3.1 (water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall) of the 2010 ADA Standards for Accessible Design.

iii. As to Defendant Panera (lessee/operator) and Defendant Fontainebleau (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the stall partition which encroaches over the accessible water closet clear floor space. This is a violation of Sections 4.13.6 and 4.17.3 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. Section 4.17.3 states that the arrangement of the stall must comply with specification supplied in Figures within this Section, which the instant toilet compartment does not comply. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case. This is also a violation of Section 604.8.1.1 which states that wheelchair accessible compartments must be 60" wide and 56" deep for wall hung water closets and 59" deep for floor mounted water closets.

    iv.    As to Defendant Panera (lessee/operator) and Defendant Fontainebleau (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes (inside the stall) and water supply lines are not completely wrapped which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

26. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the commercial property which is being operated as a Panera bakery-café accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

27. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the bakery-café therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant Fontainebleau Square, LLC (owner of the commercial property housing the Panera bakery-café) and Defendant Panera, LLC (operator of the bakery-café) and requests the following relief:

    a)    The Court declare that Defendants have violated the ADA;

    b)    The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

    c)    The Court enter an Order requiring that Defendants alter the commercial property and the Panera bakery-café located therein such that it becomes

accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 21st day of September 2021.

                    Respectfully submitted,

                    */s/ J. Courtney Cunningham*
                    J. Courtney Cunningham, Esq.
                    J. COURTNEY CUNNINGHAM, PLLC
                    FBN: 628166
                    8950 SW 74th Court, Suite 2201
                    Miami, Florida 33156
                    Telephone: 305-351-2014
                    Email: cc@cunninghampllc.com
                    *Counsel for Plaintiff*